# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 27, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KASEY PIENTOWASKI *on behalf of* | * | Unpublished |
| J.S., *a minor*, | * | |
| | * | |
| Petitioner, | * | No. 17-1769V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Interim Award. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Adriana, R. Teitel,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 31, 2020, Kasey Pientowaski, on behalf of J.S., a minor ("petitioner"), filed a motion for interim attorneys' fees and costs. **I hereby GRANT the motion and award $31,473.77 in interim attorneys' fees and $12,031.83 in costs.**

### I. Procedural History

On November 13, 2017, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of J.S. receiving the human papillomavirus ("HPV") vaccines on November 18, 2014 and January 20, 2016, J.S. developed postural orthostatic tachycardia syndrome ("POTS"), arthritis and

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

reoccurring headaches.  *Id.* at Preamble.  Petitioner filed medical records and an affidavit to support the claim.  ECF Nos. 6, 10-11.  On March 28, 2018, the case was transferred to my docket.  Notice of Reassignment (ECF No. 17).

On January 3, 2019, petitioner filed an expert report from Dr. Yehuda Shoenfeld and supporting medical literature.  See Petitioner's ("Pet.") Exhibits ("Ex.") 12-64.  Respondent filed his Rule 4(c) report on June 17, 2019, recommending against compensation.  Respondent ("Resp.") Report ("Rept.") (ECF No. 43).  The same day, respondent filed an expert report from Dr. Jeffry Boris and Dr. Lindsay Whitton.  Resp. Exs. A and C.

On October 29, 2019, I held a Rule 5 status conference, where I requested that petitioner file any updated medical records.  Scheduling Order (ECF No. 48).  Petitioner complied with the order and filed updated records on September 14, 2020 and October 15, 2020.  Pet. Exs. 65 and 66.  I held another status conference on November 19, 2020, where I ordered the respondent to file a supplemental expert report and petitioner to file updated medical records as necessary.  Scheduling Order (ECF No. 58).  Respondent filed a supplemental report by Dr. Jeffery Boris on January 19, 2021.  Resp. Ex. E.

On February 24, 2021, petitioner filed this motion for interim attorneys' fees and costs, requesting $31,473.77 in attorneys' fees and $12,031.83 in attorneys' costs.  Pet. Interim Fees Motion ("Int. Mot.") Ex. A (ECF No. 62).  On March 10, 2021, respondent filed a response to petitioner's motion, stating that, "….respondent defers to the Special Master as to whether to exercise his discretion to award interim attorneys' fees and costs at this time…..respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Resp. Response at 4 (ECF No. 64).  Petitioner filed a reply on March 10, 202, requesting the Court to grant the interim fees application for a total of $43,505.60 in attorneys' fees and costs.  Pet. Reply at 1 (ECF No. 65).

This matter is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioner has asserted that J.S. was diagnosed with POTS following receipt of the Gardasil vaccination.  POTS has been a condition that has been asserted as a sequela of vaccination in other cases within the Vaccine Program.  Further, petitioner has supported her

2

theory with an expert report from a knowledgeable expert. In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This matter has been pending for over three years. Since the petition was filed, petitioner has filed an expert with supportive medical literature. Additionally, petitioner is requesting fees and costs in excess of the amounts discussed above, and additional proceedings will likely be necessary once updated medical records are filed. Therefore, an award of interim fees and costs is appropriate.

### III. Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required.

3

*Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 can be accessed online.

In this case, petitioner requests that their attorney, Mr. Mark Sadaka be reimbursed for his work performed on this matter between 2016-2020. Pet. Int. Mot. at 4. Specifically, petitioner requests that Mr. Sadaka be reimbursed at $362.95 per hour for work performed in 2016; $376.38 for work performed in 2017; $396.00 per hour for work performed in 2018; $405.00 per hour for work performed in 2019; and $422.00 per hour for work performed in 2020. *Id.* Additionally, he requests that paralegals that performed work on this matter be reimbursed at hourly rates of $140.00 for work performed in 2016; $145.17 for work performed in 2017; $150.55 for work performed in 2018; $156.00 for work performed in 2019; and $163.00 for work performed in 2020. *Id.*

There rates are generally reasonable and consistent with what Mr. Sadaka have been awarded by myself and other special masters. Therefore, no reduction to the hourly rate is necessary.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the invoice submitted with petitioner's interim fee application, and my knowledge of the proceedings in the case to date, the number of hours expended appear to be reasonable and adequately documented. *See* Pet. Int. Mot. Exhibit A. **Accordingly, petitioner is awarded $31,473.77 in attorneys' fees.**

4

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner's attorneys' costs include a filing fee, postage, obtaining medical records, copies and retention of an expert, Dr. Yehuda Shoenfeld. Pet. Int. Mot. Exhibit A. Petitioner requests reimbursement of $8,500.00 ($500.00 per hour for 22 hours) for work performed by Dr. Shoenfeld to review case materials and write a report. Pet. Int. Mot. Exhibit B at 10. It was reasonable for petitioner to retain Dr. Shoenfeld as an expert in this case and he has received the requested rate in the past. Therefore, I do not find cause to adjust his rate. **Accordingly, petitioner is awarded $12,031.83 in attorney's costs.**

### IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** Accordingly, I award the following:

1) **A lump sum in the amount of $43,505.60, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Mark Sadaka of Sadaka Associates, LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).