# The United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 8, 2022

| | |
|---|---|
| * * * * * * * * * * * * <br> JAYDEN SUMRALL, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * | Unpublished <br><br> No. 17-1769V <br><br> Special Master Gowen <br><br> Dismissal Decision; <br> Insufficient Proof. |

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Debra A. Begley,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DISMISSAL DECISION[1]

On November 13, 2017, Jayden Sumrall[2] ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[3] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the human papillomavirus vaccine ("HPV") vaccines on December 3, 2013, November 18, 2014, and January 20, 2016, he suffered from postural orthostatic tachycardia syndrome ("POTS"), arthritis, and reoccurring headaches. *Id.* at Preamble. The information in the record does not establish entitlement to compensation.

On December 7, 2022, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 82). Petitioner states that he "understands that a decision by the Special Master dismissing the petition will result in a judgment against him," and that he has "been advised that such a judgment will end all of his rights in the Vaccine Program."

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The case was originally filed on behalf of petitioner when he was a minor, but on May 5, 2022, the case caption was amended when petitioner reached the age of majority.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Pet. Mot. at 1. Additionally, petitioner understand that he may apply for costs and fees once his case is dismissed and that respondent reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of his claim and to oppose, if appropriate. *Id.* Further, petitioner states that he intends to protect his rights to file a civil action in the future. *Id.*

To received compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§13(a)(1)(A); 11(c)(1). In this case, petitioner was alleging an off-Table injury therefore must demonstrate that the covered vaccine he received caused her alleged vaccine-related injury. To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Even though petitioner filed an expert report to support his claim, there is insufficient proof to satisfy the *Althen* criteria. Thus, the information in the record indicates that there is insufficient evidence presented at this time to justify an award. Accordingly, in light of petitioner's motion requesting a decision dismissing his petition, a further investigation is unwarranted. As such, the petition is hereby, **DISMISSED.**

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk of the Court shall enter judgment accordingly.** [4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).